IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMIE BELL,

      Petitioner,

v.                                 CASE NO. 4:12-cv-150-MW-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) This case is presently before the Court on Doc. 16, Respondent's motion to dismiss the Petition as time-barred. Respondent has submitted the relevant state court records with the motion. The Petitioner failed to file a response to the motion to dismiss and therefore on January 9, 2013, the Court issued an Order to Show Cause, Doc. 18, directing the Petitioner to show cause why the motion to dismiss should not be granted. A second Order to Show Cause was issued on January 31, 2013. (Doc. 19.) Petitioner was advised that if the petition is dismissed he will be barred from filing a second or successive § 2254 petition without first obtaining an order from the court of appeals authorizing the district court to consider it. The Court also advised the Petitioner that failure to respond to the show cause order would result in the dismissal of his petition for failure to comply with a court order and for failure to prosecute.

Petitioner has not filed a response to the motion to dismiss nor has he responded to the Court's order to show cause. Accordingly, for the following reasons,

Petitioner's petition should be dismissed for failure to prosecute. Further, the Respondent's motion to dismiss should be granted because the petition is untimely.

## Discussion

On June 29, 2004, Petitioner was found guilty of trafficking in more than 25 pounds of cannabis.  He was sentenced to 12 years imprisonment, with 284 days credit for time served.  (Respondent Exs. C, D.)  Petitioner appealed his conviction to the First District Court of Appeal, which affirmed his conviction without opinion on May 25, 2006. (Respondent Ex. E.)  Petitioner did not petition for a writ of certiorari to the United States Supreme Court.  On February 14, 2007, Petitioner filed his first postconviction motion in state court pursuant to Florida Rule of Criminal Procedure 3.850. (Respondent Ex. F.)  This motion was denied on April 20, 2007, and the First District Court of Appeal affirmed the denial, issuing the mandate on April 8, 2008. (Respondent Exs. G, H.)  Petitioner then filed a second 3.850 motion in state court on September 16, 2011, which was dismissed by the state court as time-barred. (Respondent Exs. I, J.)  The First District Court of Appeal affirmed the dismissal of the petition, issuing its mandate on March 22, 2012.  (Respondent Ex. L.)  On April 4, 2012, Petitioner filed a petition under 28 U.S.C. § 2254 in this Court.

The Petition is due to be dismissed for two reasons. First, the Petitioner has failed to prosecute this case after filing his petition. Secondly – and independent of Petitioner's failure to prosecute – the Petition is due to be dismissed as time-barred.

Turning briefly to Petitioner's failure to prosecute this case, the Petitioner never filed a response to the motion to dismiss, even after the directive from the Court in the

Court's two orders to show cause. Indeed, despite the Court's notice and warning that the motion to dismiss would be granted and the petition would be dismissed if Petitioner failed to respond to the show cause order, the Petitioner did nothing. While Petitioner filed a notice of change of address on February 27, 2013, there is no indication that the Court's first show cause order – docketed January 9, 2013 – did not reach Petitioner. The Clerk mailed the second show cause order to Petitioner's new address as well as his address at the jail, but the mail was returned as undeliverable.

Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[. ]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ( "It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). Here, the fact that

Petitioner has been afforded multiple opportunities to respond and has failed to do so amounts to a failure to prosecute and thus dismissal is appropriate.

Second – and independent of whether the Petitioner has abandoned his case – the petition is due to be dismissed because the petition was not timely filed. Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner's original judgment of guilt was entered on August 17, 2004. (Respondent Ex. D.) The First DCA affirmed his conviction on May 25, 2006, and his conviction became final on August 23, 2006, when his 90-day time period to seek certiorari review in the U.S. Supreme Court expired. (Respondent Ex. E); *Nimmons v.*

*State*, 861 So. 2d 1157 (Fla. 1st DCA 2003). The limitations period ran for 175 days until it was tolled by the filing of a postconviction motion in state court under Rule 3.850 on February 14, 2007. (Respondent Ex. F.) The tolling period ended on April 8, 2008, when the First DCA per curiam issued its mandate affirming denial of Petitioner's motion. (Respondent Ex. G, H.) The limitations period then ran until its expiration 190 days later on October 15, 2008.[1] Petitioner provided the instant habeas petition to prison officials for mailing on March 27, 2012, more than three years after the limitations period expired. (Doc. 1.) Accordingly, the petition is due to be dismissed as untimely pursuant to 28 U.S.C. § 2244(d) because it was not filed within one year of the date Petitioner's conviction became final.

To the extent Petitioner asserts that Ground 1 of his petition is timely due to "newly discovered evidence," he has not alleged any newly discovered evidence or that a factual predicate was discovered that would make § 2244(d)(1)(D) applicable. To the extent he cites *Shelton v. Sec'y, Dep't of Corr.,* 802 F. Supp. 2d 1289 (M.D. Fla. 2011) (granting habeas relief on grounds that Fla. Stat. § 893.13 was facially unconstitutional) as a basis for the timeliness of Ground 1 of his petition, this too fails. The Eleventh Circuit reversed *Shelton* on appeal and the Florida Supreme Court subsequently found

---

[1]Petitioner filed a second Rule 3.850 postconviction motion on September 16, 2011, which was dismissed by the state court as time-barred. (Respondent Exs. I, J.) The First DCA issued its mandate on March 22, 2012, affirming the trial court's dismissal. (Respondent Ex. L.) This untimely state postconviction filing would not toll the limitations period, because the limitations period had already expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state court petition "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Fla. Stat. § 893.13 constitutional.  *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1355-56 (11th Cir. 2012), *State v. Adkins*, 96 So.3d 412, 423 (Fla. 2012).

The instant habeas petition was filed more than three years after Petitioner's conviction became final, and he has alleged no other circumstances that would make the petition timely under § 2244(d)(1).   Nor has Petitioner alleged any extraordinary circumstances that prevented him from timely filing his claim.  Accordingly, the instant habeas petition is untimely and due to be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The motion to dismiss, Doc. 16, should be **GRANTED.**

2.  The petition for a writ of habeas corpus (Doc. 1) should be **DENIED**.

3. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 8th day of May 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


**<u>NOTICE TO THE PARTIES</u>**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.